**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHAQUANDALENA DENISE
DOUGLAS,

     Plaintiff,

-vs-                            Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC, and NISSAN-INFINITI LT LLC,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Shaquandalena Denise Douglas (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); Trans Union LLC (hereinafter "Trans Union"); and Nissan-Infiniti LT LLC (hereinafter "Nissan") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered in the State of Georgia that is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through

its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    Nissan is a corporation with its principal place of business in the State of Tennessee that is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

20.    Nissan is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    Nissan furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.    Plaintiff is alleged to owe a debt to Nissan, partial account number ending in 3620, the remaining balance on her auto lease for a Nissan Altima (hereinafter "Nissan Account").  Plaintiff does not owe this debt.

23.    On or about June 24, 2025, Plaintiff visited her local Nissan dealership to trade in her leased Nissan Altima and finance a new Nissan Pathfinder.

24.    The Nissan Altima was leased with Defendant, Nissan-Infiniti LT LLC

25.    The Nissan Pathfinder was financed with Nissan Motor Acceptance Company.

26.    Upon information and belief, Nissan-Infiniti LT LLC and Nissan Motor Acceptance Company are within the same corporate entity. Therefore, Nissan-Infiniti LT LLC should have had the internal knowledge of the terms of Plaintiff's new auto loan.  Nissan at all time was aware that Plaintiff's had paid off the previous loan and secured a new loan.

27.    There was about $5,508 remaining on the Nissan Account.

28.    Plaintiff always kept to the terms of the lease and made her payments on time.

29.    In the itemization of the amount financed on her new auto loan, Nissan clearly included the remaining lease balance of $5,805. Nissan knew the new loan would satisfy the old loan as it was included on the new loan.

30.    Plaintiff no longer had possession of the leased Nissan Altima after June 24, 2025. That day, she began driving the financed Nissan Pathfinder and assumed payments of her new auto loan. Plaintiff was under the impression that she was no longer responsible for the Nissan Account, as agreed upon with Nissan.

31.    On or about August 2, 2025, Plaintiff began receiving notifications that her credit score had dropped severely, over 100 points. The only source of derogatory reporting was Nissan's mistake.

32.    This was alarming to Plaintiff because she works diligently to keep her accounts in good standing.

33.    After investigating further, Plaintiff discovered that the Nissan Account was reporting on her credit file as open, with a remaining balance, and a status of 30 or more days past due.

34.    Plaintiff immediately called Nissan and visited her local dealership. On or about August 3, 2025, management at the dealership assured her that the lease was being paid off that day.

35.    On or about August 5, 2025, Plaintiff obtained full copies of her Equifax, Experian, and Trans Union credit reports and observed that the Nissan Account was indeed still reporting as open with a balance of $5,375 and a status of 30 or more days past due.  All 3 CRAs were aware of the new loan.

36.    It was clear to Plaintiff that Nissan had not upheld its end of their contract and was continuing to allege that Plaintiff owed the remaining balance.

37.    On or about August 6, 2025, Plaintiff filed a complaint with the Consumer Financial Protection Bureau, Complaint ID No. 250806-22938913, (hereinafter "CFPB Complaint"). In the CFPB Complaint, Plaintiff detailed the fact that Nissan should have paid and closed the Nissan Account and that there was an error.

38.    Under 15 U.S.C. § 1681i(e)(3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

39.    On or about August 13, 2025, Plaintiff mailed a detailed dispute letter to Equifax, Experian, and Trans Union detailing why the account status was inaccurate and explaining that she does not owe the reported balance. In the letter, Plaintiff requested a copy of her credit report. To confirm her identity, Plaintiff

included images of her Florida driver's license and concealed carry license. Plaintiff also included images of the erroneous reporting and her filed CFPB Complaint.

40.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 2629 2524 30), Experian (9589 0710 5270 2629 2524 47), and Trans Union (9589 0710 5270 2629 2524 23).

41.    Despite confirmation of delivery on August 16, 2025, Plaintiff never received dispute results or a copy of her credit report from Equifax or Trans Union.

42.    Despite confirmation of delivery on August 19, 2025, Plaintiff never received dispute results or a copy of her credit report from Experian.

43.    On or about September 25, 2025, Plaintiff obtained updated copies of her Equifax, Experian, and Trans Union credit reports and observed that the Nissan Account continued to be reported as open with an updated balance of $6,725 on all three reports. While Equifax and Experian had removed delinquent remarks, Trans Union continued to report the Nissan Account as adverse. Obviously, such reporting continued to negatively impact Plaintiff's credit scores.

44.    The CRAs failed to do any independent investigation into Plaintiff's disputes, but rather parroted information they received from the furnisher. If the

CRAs had thoroughly investigated, they would have learned that the balance of Plaintiff's new auto loan assumed the remaining balance of the Nissan Account. Credit Reporting Agencies such as Equifax, Experian, and Trans Union should be able to verify the veracity of Plaintiff's claims and that the status of the Nissan Account was inaccurate.

45.    The CRAs never attempted to contact Plaintiff during the alleged investigation.

46.    Upon information and belief, the CRAs notified Nissan of Plaintiff's dispute. However, Nissan failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by the CRAs in connection with their dispute investigations.  Nissan was attempting to double collect the same debt.  By collecting on the old account while also receiving payments on the new loan.

47.    On or about September 26, 2025, as a result of the inaccurate reporting, Plaintiff mailed detailed another detailed dispute letter to the CRAs detailing why the account status was inaccurate and explaining that she does not owe the reported balance. In the letter, Plaintiff requested a copy of her credit report. To confirm her identity, Plaintiff included images of her Florida driver's license and concealed carry license. Plaintiff also included images of itemization

of the amount financed in her sales contract, the erroneous reporting and her filed CFPB Complaint.

48.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 2339 4670 63), Experian (9589 0710 5270 2743 7100 21) and to Trans Union (9589 0710 5270 2743 7100 83).

49.    Despite confirmation of delivery on September 29, 2025, Plaintiff never received dispute results or a copy of her credit report from Trans Union.

50.    Despite confirmation of delivery on September 30, 2025, Plaintiff never received dispute results or a copy of her credit report from Experian.

51.    On or about October 4, 2025, Plaintiff received a response from Equifax advising that they could not investigate her dispute because sufficient documentation was not provided.

52.    Plaintiff provided Equifax with sufficient documentation to confirm her identity and describe the inaccuracy as requested by consumers under the FCRA.

53.    Plaintiff did not receive any additional responses, dispute results or a copy of her credit report from Equifax.

54.    On or about October 30, 2025, Plaintiff obtained updated copies of her Equifax, Experian, and Trans Union credit reports and observed that the

Nissan Account continued to be reported as open with an updated balance of $6,725 on all three reports. While Equifax and Experian had removed delinquent remarks, Trans Union continued to report the Nissan Account as adverse. Obviously, such reporting continued to negatively impact Plaintiff's credit scores.

55.    The CRAs failed to do any independent investigation into Plaintiff's disputes, but rather parroted information they received from the furnisher. If the CRAs had thoroughly investigated, they would have learned that the balance of Plaintiff's new auto loan assumed the remaining balance of the Nissan Account. Credit Reporting Agencies such as Equifax, Experian, and Trans Union should be able to verify the veracity of Plaintiff's claims and that the status of the Nissan Account was inaccurate.

56.    The CRAs never attempted to contact Plaintiff during the alleged investigation.

57.    Upon information and belief, the CRAs notified Nissan of Plaintiff's dispute. However, Nissan failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by the CRAs in connection with their dispute investigations.

58.    Frustrated and defeated, Plaintiff mailed a third detailed dispute letter to the CRAs detailing why the account status was inaccurate and explaining that

she does not owe the reported balance. In the letter, Plaintiff explained that this was exhausting and now affecting her ability to secure other credit. Plaintiff requested a copy of her credit report. To confirm her identity, Plaintiff included images of her Florida driver's license and concealed carry license. Plaintiff also included images of itemization of the amount financed in her sales contract, the erroneous reporting and her filed CFPB Complaint.

59.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax , Experian and to Trans Union.

60.    Plaintiff continues to waste so much time and money attempting to fix Defendants' mistakes.

61.    As of the filing of this Complaint, Plaintiff has not received dispute results as to her third detailed dispute letter.

62.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, Nissan.

63.    Nissan has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

64.    Nissan continues to contact Plaintiff demanding that she pay off the Nissan Account. Plaintiff has pleaded with Nissan to stop harassing her and to investigate their error.

65.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.  The erroneous reporting is the cause for Plaintiff's credit score to drop over 100 points.

66.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.    Inability to secure new lines of credit; most recently a personal loan with NASA Federal Credit Union;

  ii.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

  iii.    Loss of time and time take off from work in attempts to cure the errors;

  iv.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

14

life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

v.   Reduction in credit score as the Defendants failed to properly investigate the disputed information;

vi.   Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

vii.   Defamation and Plaintiff's information has been published by Defendants to third parties including but not limited to FICO to calculate Plaintiff's credit score;

viii.   Defamation and Plaintiff's information has been published by Defendants to the Consumer Financial Protection Bureau;

ix.   The CRAs have also provided Plaintiff's credit information containing the inaccurate collection to several third parties during soft inquiries and promotional searches.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

67.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

15

68.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.    Equifax allowed for a Furnisher, such as Nissan, to report inaccurate and erroneous account information to Plaintiff's credit file.

70.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

71.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

72.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

73.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

74.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

75.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

76.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

77.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

78.     Equifax allowed for a Furnisher, such as Nissan, to report inaccurate and erroneous account information to Plaintiff's credit file.

79.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

80.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

81.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

82.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

83.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

84.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

85.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

86.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information

submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

87.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

88.    Plaintiff provided Equifax with the information it needed to confirm that the pay status of the account was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

89.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

91.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

92.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

93.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information

submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

94.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

95.    Plaintiff provided Equifax with the information it needed to confirm that the pay status of the account was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

96.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

98.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
## Violation of 15 U.S.C. § 1681g as to
## Defendant, Equifax Information Services LLC. (Negligent)

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) as if fully stated herein.

100.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

101.    Plaintiff provided Equifax appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

102.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

23

103.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

24

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

107.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

108.   Plaintiff provided Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

109.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

110.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

113.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

114.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115.   Experian allowed for a Furnisher, such as Nissan, to report inaccurate and erroneous account information to Plaintiff's credit file.

116.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

117.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

118.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

119.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

27

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

122.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

123.  Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

124.  Experian allowed for a Furnisher, such as Nissan, to report inaccurate and erroneous account information to Plaintiff's credit file.

125.  Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

28

126.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

127.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

128.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

129.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

130.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the

legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

131.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

132.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

133.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

134.   Plaintiff provided Experian with the information it needed to confirm that the pay status of the account was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

135.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

136.  The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

137.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

138.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

139.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

140.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

141. Plaintiff provided Experian with the information it needed to confirm that that the pay status of the account was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

142. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

144. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the

legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

145.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) as if fully stated herein.

146.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

147.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

148.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

149.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

151.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

152.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

153.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

154.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

35

155.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

156.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

157.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

158.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC. (Negligent)**

159.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

160.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

161.   Trans Union allowed for a Furnisher, such as Nissan, to report inaccurate and erroneous account information to Plaintiff's credit file.

162.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

163.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

164.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

165.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to

benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

166. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

167. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

168. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

169.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

170.   Trans Union allowed for a Furnisher, such as Nissan, to report inaccurate and erroneous account information to Plaintiff's credit file.

171.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

172.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

173.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

174.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

175.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

176.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

177.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

178.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

179.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

180.    Plaintiff provided Trans Union with the information it needed to confirm that the pay status of the account was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

181.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

182.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

183.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

184.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

185.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

186.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

187.   Plaintiff provided Trans Union with the information it needed to confirm that the pay status of the account was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.

188.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

189.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

190.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

191.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) as if fully stated herein.

192.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

193.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

194.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's

disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

195.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

196.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

197.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XVIII**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Trans Union LLC (Willful)**

198.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

199.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

200.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

201.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

202.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

203.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

204.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Nissan-Infiniti LT LLC (Negligent)

205.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

206.   Nissan furnished inaccurate account information to Equifax, Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

207.   After receiving Plaintiff's disputes, Nissan  violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

208.  Plaintiff provided all the relevant information and documents necessary for Nissan to have identified that the account should have been paid and closed.

209.  Nissan knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

210.  Nissan violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

211.  As a direct result of this conduct, action, and/or inaction of Nissan, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

212.  The conduct, action, and inaction of Nissan was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

213.   Plaintiff is entitled to recover costs and attorney's fees from Nissan in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual damages against Defendant, Nissan-Infiniti LT LLC; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Nissan-Infiniti LT LLC (Willful)

214.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) above as if fully stated herein.

215.   Nissan furnished inaccurate account information to Equifax, Experian, and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

216.   After receiving Plaintiff's disputes, Nissan violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

217. Plaintiff provided all the relevant information and documents necessary for Nissan to have identified that the account should have been paid and closed.

218. Nissan knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

219. Nissan violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

220. As a direct result of this conduct, action, and/or inaction of Nissan, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

221. The conduct, action, and inaction of Nissan was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

222.  Plaintiff is entitled to recover costs and attorney's fees from Nissan in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Nissan-Infiniti LT LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XXI
### Violation of Florida Statute § 559.72 *et seq.*
### Defendant, Nissan-Infiniti LT LLC

223.  Plaintiff re-alleges and reincorporates paragraphs one through sixty-three (63) above.

224.  At all times relevant to this action, Nissan is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

225.  Nissan violated Florida Statute § 559.72(5) by disclosing information affecting Plaintiff's reputation to a third party with knowledge or reason to know that the information is false.

226.  Specifically, Plaintiff gave Nissan all the documentation it needed to know that Plaintiff did not owe the debt in question, yet Nissan continued to furnish false information to the CRAs about Plaintiff.

51

227.    Nissan violated Florida Statute § 559.72(9) by attempting to enforce a debt when it knew that the debt was not legitimate.

228.    Specifically, Nissan continuously attempted to collect a debt from Plaintiff despite being put on notice that Plaintiff did not owe the alleged debt.

229.    Nissan's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, demands judgement and compensatory and punitive damages against Defendant, Nissan-Infiniti LT LLC, jointly and severally; for her attorney's fees and costs; for pre-judgement and post-judgement interest at the legal rate, and such other relief that the Court does deem just, equitable, and proper.

## <u>COUNT XII</u>
## Breach of Contract by Nissan-Infiniti LT LLC

230.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) as if fully stated herein.

231.  Plaintiff and Nissan Motor Acceptance Company (NMAC) entered into the Vehicle Retail Installment Sale Contract (hereinafter "Nissan Contract"), which was a valid contract binding on both parties.

232.  Upon information and belief, Defendant Nissan-Infiniti LT LLC is a subsidiary of NMAC, and therefore had the internal knowledge and liability of the Nissan Contract.

233.  In the Nissan Contract, Nissan agreed that it would cover the remaining balance of the Nissan Account in the financing of Plaintiff's new auto loan.

234.  Nissan breached the Nissan Contract when it failed to comply with the material terms of the contract. Specifically, Nissan did not pay off the balance of the Nissan Account and close it. Moreover, Nissan verified the accuracy of the Nissan Account when Plaintiff disputed its validity.

235.  As a direct and proximate result of Nissan's breach of the Nissan Contract, Plaintiff experienced injury, including without limitation, credit denials, the loss of credit opportunities, the loss of the ability to purchase and benefit from credit, financial loss, loss of time addressing the issues concerning the Truist Account, the lowering of her credit score, frustration, annoyance, emotional distress, mental distress, and embarrassment.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Nissan for damages and such further relief as deemed proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shaquandalena Denise Douglas, respectfully requests that this Court award judgment for actual, statutory, compensatory, and

punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC; and Nissan-Infiniti LT LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of October, 2025.

Respectfully submitted,

**/s/ Octavio Gomez**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**/s/Frank H. Kerney, III.**
Frank H. Kerney, III, Esq.
Florida Bar #:88672
Tennessee Bar #: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, FL 33602
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*